UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA

      Plaintiff,

v.                                                Case No. 11-20314

ANTONIO BRAVATA,                     Paul D. Borman
                                                          United States District Judge

      Defendant.

_____/

**ORDER SETTING RESTITUTION
FOR DEFENDANT ANTONIO BRAVATA AT $7,000,000**

      On March 27, 2013, after a jury trial, Defendant Antonio Bravata was convicted of one count of conspiracy to commit mail fraud. That count charged that Defendants John Bravata, Richard J. Trabulsy and Antonio Bravata conspired to defraud and to obtain money from investors by false and fraudulent material pretenses. Further, the Indictment charged that Antonio Bravata participated in the scheme that solicited funds under false pretenses and misappropriated investors' proceeds for his personal benefit.

      The Presentence Report in this case stated: "Pursuant to 18 U.S.C. § 3663A, restitution in the total amount of $44,533,437.86 shall be ordered in this case." (Antonio Bravata PSR at 14).

      On September 26, 2013, this Court held a sentencing hearing for Antonio Bravata. On October 15, 2013, this Court held a restitution hearing.

      Title 18 U.S.C. § 3663A, entitled Mandatory Restitution to Victims of Certain Crimes, requires that a defendant make restitution to a victim who has suffered a pecuniary loss. Thus, restitution is mandatory in this case.

In advance of the restitution hearing, the government provided to the Court and the Defendant, as Exhibit A to its Memorandum Regarding Restitution, a list of the investors in BBC Equities and the loss sustained by each investor, totaling $44,533,437.86 (ECF No. 286).

Restitution is limited to the scheme set forth in the conspiracy count; it is not limited to those victims named in the specific substantive counts thereafter.

In *United States v. Jones*, 641 F.3d 706, 714 (6th Cir. 2011), the United States Court of Appeals for the Sixth Circuit stated its reading of the "statutory definition of 'victim' to allow for restitution for the loss attributable to all victims of a defendant's scheme to defraud, even when the defendant was not indicted or convicted of fraud with respect to each victim." The *Jones* decision further stated: "When a defendant is convicted by a jury . . . the scope of the scheme is defined by the indictment for purposes of restitution." *Id.*

At Defendant Antonio Bravata's sentencing hearing, the government recognized the difference between the time periods of involvement in the conspiracy between John Bravata and Antonio Bravata. The government placed Antonio Bravata's initial participation in the conspiracy in the first quarter of 2008, and continuing to the end of the conspiracy in June of 2009. (Antonio Bravata Sent. Tr. Sept. 26, 2013, AUSA Reynolds at 15). The government contended that, during this more-limited time period, utilizing Government Trial Exhibit 112, over $30 million of investment funds was brought into BBC Equities. (Sent. Tr., AUSA Reynolds at 15).

Defendant's counsel contended that the amount of loss attributable to Antonio Bravata should be limited to that money "raised through people that counted my client as their salesperson. . . approximately $7 million, actually less." (Sent. Tr., Def. Counsel Steingold at 16). At a later point, defense counsel stated that he believed the amount to be "far less than $2 million in actuality." *Id.* at 18.

The Court concluded at sentencing that the applicable loss range attributable to Antonio Bravata under U.S. Sentencing Guideline 2B1.1 was between $2.5 million and $7 million.

At the restitution hearing, the government asserted that, based on Special Agent Kelly Suess' hearing testimony, and Exhibit A that she prepared based on investments into the conspiracy during the period Antonio Bravata was an active member of that conspiracy – 2008 to 2009, the amount of restitution applicable to him was $31,470,918. The government further argued that Defendant Antonio Bravata was not just a salesperson to individuals, but also a speaker at seminars and a recruiter of salespersons.

## CONCLUSION

The Court concludes that, although a preponderance of the evidence at Antonio Bravata's restitution hearing through Special Agent Suess' testimony and Exhibit A, establishes a restitution amount of $31,470,918.00 (Rest. Hrg, Oct. 15, 2013 at 20-24, 28, 31), the Court will reduce that amount to $7,000,000 to conform to the loss amount the Court attributed to Antonio Bravata at his sentencing in calculating his guideline range under § 2B1.1.

Accordingly, Defendant Antonio Bravata is liable, joint and several with Defendant John Bravata, for restitution, joint and several, for $7,000,000. This finding does not reduce Defendant John Bravata's total restitution order of $44,533,437.86, but just indicates that $7,000,000 of that amount is owed joint and severally with Antonio Bravata.

**SO ORDERED**.

s/Paul D. Borman
Paul D. Borman
United States District Judge

Dated: November 21, 2013

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on November 21, 2013.

                                            s/Deborah Tofil
                                            Case Manager

2:11-cr-20314-PDB-DRG Doc # 313 Filed 11/21/13 Pg 4 of 4 Pg ID 6593